UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Erica Petcou, Terri Kuvach, Lynn Amorose and Dana Mason )<br>)<br>*Plaintiffs*, )<br>v. )<br>)<br>C.H. Robinson Worldwide, Inc., )<br>)<br>*Defendant*. ) | **CIVIL ACTON NO.**<br>**1:06-CV-02157-HTW** |

**PLAINTIFFS' MEMORANDUM IN
SUPPORT OF RENEWED MOTION TO COMPEL**

Pursuant to this Court's Order of June 14, 2007 (R. Doc. 28), Plaintiffs renew their motion with this Court for an order compelling the production of e-mail messages evidencing the presence of pornography in defendant's Atlanta branch offices.

## Introduction

This lawsuit challenges, among other things, the gender-hostile work environment in defendant's Atlanta branch offices from 1999 until 2004. Plaintiffs allege that they were continuously and repeatedly subjected to a barrage of pornographic e-mails and images by their male co-workers, who viewed and sent such images from their work computers and discussed them with the plaintiffs.

75260                                1

At issue in this Motion is defendant's refusal to produce documents showing e-mail usage during the relevant time frame.

## Procedural History

The plaintiffs in this case initially sought to pursue their hostile work environment claims through a class action styled *Carlson v. C.H. Robinson*, CV-02-3780 (D.Minn.). That case included claims for gender discrimination in pay, promotions, and the work environment, on behalf of C.H. Robinson's female employees nationwide. On March 31, 2005, the *Carlson* Court granted in part and denied in part plaintiffs' motion for class certification. The Court narrowed plaintiffs' proposed classes for purposes of the compensation and promotion claims, certifying (a) a compensation class consisting of all females employed on a full-time salaried basis at any domestic CHRW branch office at any time since August 17, 2000; and, (b) a promotion class for the branch manager position consisting of all females employed at any domestic CHRW branch office at any time since August 17, 2000, who have more than two years' experience in a sales and/or operations position. In the class certification order, however, the *Carlson* court declined to certify plaintiffs' proposed class for purposes of the hostile work environment claim. As a result, the four plaintiffs in this case filed administrative charges with the Equal Employment Opportunity Commission and then filed this

lawsuit upon receipt of their Notices of Right to Sue. Other female employees and former employees of C.H. Robinson have filed similar suits in federal district courts around the country.

Discovery closed in this case on April 23, 2007, with the exception of limited discovery on the issue now before the Court. Plaintiffs served their initial discovery requests, including interrogatories and requests for production of documents, on the defendant on January 10, 2007. (R. Doc. 21-3.) Defendant responded to plaintiffs' discovery requests by serving responses by United States mail on February 14, 2007. (R. Doc. 21-4.) Before this Court's June 14, 2007 Order, Defendant did not produce any documents in response to plaintiffs' Requests.

Plaintiffs sought production of e-mail messages evidencing the presence of adult content in the Atlanta South and North branches through the following requests:

> **Request No. 9**: Please produce any documents relating to or evidencing the presence of pornography in the Atlanta North branch, including but not limited to email and evidence of access of adult websites.
>
> **Request No. 10**: Please produce any documents relating to or evidencing the presence of pornography in the Atlanta South branch, including but not limited to email and evidence of access of adult websites.

(R. Doc. 21-3, at 7-8.) As noted in Plaintiffs' earlier Memorandum on is issue, C.H. Robinson has not produced such evidence.

The documents requested in Requests No. 9 and 10 are critical to this case, as plaintiffs claim that they were subjected to a hostile work environment based on their gender, and that one of the ways the defendant fostered such an environment was by allowing its employees to view pornography on the internet and in e-mail on a regular basis during the work day, and that these images were directed at the plaintiffs through e-mail and through male employees who showed them to them on their computer screens. Plaintiffs' contentions are buttressed by internet monitoring reports produced by C.H. Robinson in response to this Court's Order, which show the rampant use of C.H. Robinson's work computers to attempt to access sexually explicit web sites during the relevant period. As such, Plaintiffs' request for e-mails in the same vein is not a mere fishing expedition; it is grounded in the good faith belief that they will confirm Plaintiffs' claims.

In responding to Plaintiffs' earlier Motion to Compel, C.H. Robinson produced the Declaration of Chad Petrie. (R. Doc. 22-2, at 36-37.) According to Mr. Petrie, finding sexual or gender-derogatory emails for the relevant period would require a third-party vendor, and cost thousands of dollars. (*Id.*) That is not entirely accurate.

75260                                    4

Since this Court's Order, Plaintiffs deposed Troy Sjostrand, a Messaging Administrator in C.H. Robinson's IT department. Deposition of Troy Sjostrand ("Sjostrand Dep."), Ex. 1.[1] Mr. Sjostrand clarified that, at least for current employees, C.H. Robinson keeps their e-mail messages on their office servers. (Sjostrand Dep. at 28, 34-35.) So long as the employee does not delete the email, it can be retrieved by simply clicking on the email in an employee's mailbox. (Sjostrand Dep. at 42-43.) This, according to Mr. Sjostrand, would not even require a third-party vendor; it is something C.H. Robinson can do in-house. (*Id.*) Even for e-mail of current employees that the employee has deleted, Mr. Sjostrand indicated that, in some circumstances, these would remain in the employee's "deleted items" folder for an indefinite amount of time. (Sjostrand Dep. at 30.) Mr. Sjostrand stated that the company imposes a limit of up to one hundred megabytes for employees' e-mail storage, and admitted that a person could potentially keep thousands of e-mails without exceeding this self-imposed limitation. (Sjostrand Dep. at 53-55.)

---

[1] Mr. Sjostrand's deposition and attached exhibits is being filed concurrently with this Motion.

Mr. Sjostrand further confirmed that C.H. Robinson has made no effort to preserve emails[2] of former employees for purposes of this litigation or the *Carlson* litigation. Sjostrand Dep. at 31, 40-41, 45. Defendant's failure to maintain records of the electronic viewing and transmission of pornography violates both Title VII of the Civil Rights Act of 1964 and federal regulations promulgated under that Act. Under Title VII, employers must keep records "relevant to the determinations of whether unlawful employment practices have been or are being committed." 42 U.S.C.A. § 2000e-8(c)(1). This is particularly the case when an employer's employment practices have been challenged. The federal regulations regarding Title VII also state that "Where a charge of discrimination has been filed . . . the respondent employer shall preserve all personnel records relevant to the charge or action until final disposition of the charge or the action." 29 C.F.R. § 1602.14. "The date of final disposition of the charge or the action means . . . where an action is brought against an employer either by the aggrieved person, . . . the date on which such litigation is terminated." *Id.*

Defendant has been on notice since June of 2001 that such electronic documents were relevant to plaintiffs' claims of discrimination. On that date, the

---

[2] Because C.H. Robinson has admitted that it would be cost-prohibitive to retrieve e-mail of former employees through its tape backups, Plaintiffs contend this is not akin to preservation of the documents.

original class-wide hostile environment Charge of Discrimination was filed with the E.E.O.C. by Gwen Carlson, the named plaintiff in the class action out of which the instant case arises. (R. Doc. 21-12.) That Charge discussed "e-mail, pornographic pictures and other material given to Human Resources regarding the sexually hostile working environment" and stated further that "My complaint is not an isolated incident affecting only me and a few coworkers. The hostile environment is company-wide." (*Id.*) The Complaint in the *Carlson* case, filed on October 2, 2002, also alleged a company-wide hostile environment, and discussed numerous incidents of sexually inappropriate materials viewed on the internet and sent by e-mail. (R. Doc. 21-13, at 9-12.) Thus, by the time this case was filed, defendant had already been on notice since 2001, through the *Carlson* Charge and Complaint, that plaintiffs would seek the evidence defendant now says no longer exists. When shown the Carlson EEOC charges and those of a plaintiff in the instant case, however, Mr. Sjostrand admitted they were never shared with C.H. Robinson's IT department, and did not result in any effort by the company to preserve e-mails or electronic records.

For the foregoing reasons, plaintiff respectfully requests that this Court enter an Order requiring the defendants to produce the documents requested above, namely records showing e-mail usage in the Atlanta branches during the period

from 1998 until 2006, where such records indicate the sending or perusal of pornographic content. At the least, Plaintiffs respectfully request that this Court order such production for current employees who worked in the Atlanta branches during the relevant periods.

In the event that the Court is persuaded that relevant e-mails of past employees have been made unavailable by the defendant's impractical and costly storage and retrieval protocols, Plaintiff requests that the Court enter appropriate sanctions against the defendant for spoliation of this evidence. The federal courts, including the Eleventh Circuit, have long acknowledged the broad discretion of the district courts to impose such sanctions. This power derives from the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-43 (1991). Accordingly, sanctions for discovery abuses are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

If defendant has destroyed or otherwise made unavailable the crucial evidence sought through plaintiffs' discovery requests, sanctions would be appropriate. Spoliation of critical evidence may warrant the imposition of sanctions. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir. 2005).

As sanctions for spoliation, courts may, among other things, impose a jury instruction on spoliation of evidence which raises a presumption against the spoliator. *Id.* In determining the extent of the sanctions warranted, the Court must consider (1) whether the party seeking discovery was prejudiced as a result of the destruction of evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; and (4) whether the party from whom the evidence was sought acted in good or bad faith. *Id.* Because defendant has been on notice regarding plaintiffs' claims since 2001, defendant's failure to maintain the records of inappropriate e-mail, violated both Title VII and the regulations promulgated thereunder. Plaintiffs will be prejudiced in their ability to support their hostile work environment claims with documentary evidence from defendant's own computer systems, which defendant did track and maintain, if such evidence is not produced.

For the reasons stated above, Plaintiffs renew their request for entry of an order compelling the defendants to respond to Request for Production No. 9 and 10, by producing, at a minimum, documents showing any e-mails of a sexual or gender-derogatory nature sent from 1998 though 2006. In the alternative, to the extent that such records no longer exist because of actions or omissions by the

C.H. Robinson, Plaintiffs request that Defendant be sanctioned for its failure to preserve such records.

July 18, 2007                    Respectfully submitted,

                    By:    s/Jack Rosenberg
                          Jack Rosenberg
                          The Lenox Center
                          3355 Lenox Road
                          Suite 1150
                          Atlanta, GA  30326
                          (404) 264-9100
                          (404) 264-9102(*facsimile*)

                          s/ Douglas Micko
                          Douglas L. Micko*
                          Sprenger & Lang
                          310 Fourth Avenue S.
                          Suite 600
                          Minneapolis, MN 55415
                          (612)871-8910
                          (612)871-9280 (*facsimile*)

                          *Attorneys for Plaintiffs*

*Motion for Admission Pro Hac Vice Pending*

    I hereby certify that this Memorandum has been prepared and submitted using Times New Roman font, 14 point type size.

                                      s/Jack Rosenberg

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document has been served on the 18th day of July, 2007, through this Court's CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record to the following:

Kara L. Thompson, Esquire
Margaret H. Campbell, Esquire
Jack Rosenberg, Esquire

s/Jack Rosenberg
Attorney for Plaintiffs