IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERICA PETCOU, TERRI KUVACH,
LYNN AMOROSE, and DANA
MASON,

            Plaintiffs,

       v.

C.H. ROBINSON WORLDWIDE,
INC.,

           Defendant.

CIVIL ACTION

No. 1:06-CV-2157-HTW-GGB

## <u>ORDER</u>

This employment discrimination action is presently before the Court on Plaintiffs' Renewed Motion to Compel [Doc. 39]. This Court previously ordered Defendant to produce computer-generated reports of attempts by its employees to access adult websites at its Atlanta North and Atlanta South branches during the relevant time period. The Court also denied Plaintiffs' request for e-mail messages with adult content. However, the Court allowed Plaintiffs to file a motion for reconsideration with respect to the e-mails after they had been given an opportunity to obtain evidence regarding Defendant's burden of production. Plaintiffs filed a renewed motion to compel on July 18, 2007.

The specific discovery requests in issue are Plaintiffs' Requests for Documents Nos. 9 and 10 which sought "any documents relating to or evidencing the presence of pornography in the Atlanta North [or Atlanta South] branch, including but not limited to email . . . ."  In their renewed motion, Plaintiffs request that Defendant produce "at a minimum, documents showing any e-mails of a sexual or gender derogatory nature sent from 1998 through 2006."  (Doc. 39-2, Brf. at 9).

The parties have presented evidence that the e-mails of Defendant's employees are initially stored on Defendant's exchange servers.  E-mails of Defendant's *current* employees that have not been *deleted* by those employees may still be on Defendants' server and may be retrieved without great expense.  However, it is very unlikely that e-mails from the period relevant to this lawsuit, sent to or from individuals who were employed during that period, are still on Defendants' servers.  (<u>See</u> Sjostrand Dep. at 43, 46).

When an individual employee deletes an e-mail, that e-mail can be easily retrieved for only 8 days thereafter.  (Sjostrand Dep. at 27-28).  When an individual leaves Defendant's employ, his e-mails are automatically deleted from Defendants' servers after 10 days.  (<u>Id</u>. at 46).  While deleted e-mails can be retrieved from back-up

AO 72A
(Rev.8/82)

tapes, after these 8 or 10 day periods, the costs to do so are very high.  To conduct a search for e-mails with sexual content, a third-party vendor would have to look through the e-mail of all of Defendant's approximately 5,300 employees because Defendant does not have servers dedicated to individual branches.  (Doc. 22-2, Ex. H, Petrie Decl. ¶ 4; Sjostrand Dep. at 47).  Each back-up tape contains three to five days of e-mails. The cost of retrieving e-mails from one back-up tape ranges from $325 to $365 per tape.  The cost of retrieving about two years' worth of e-mails for one employee is approximately $79,300.  (Doc. 39-3 at pp. 17-18 of 26, Sjostrand Decl. ¶ 5).

Defendant has met its burden of showing that deleted e-mails from the period relevant to this lawsuit are not reasonably accessible because of undue burden and cost. See Fed.R.Civ.P. 26(b)(2)(B).[1]  "[T]he court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)."  Id.  Rule 26(b)(2)(C) directs the Court to consider, *inter alia,* whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the

---

[1]"A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost."  Fed.R.Civ.P. 26(b)(2)(B).

importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

As an initial matter, the Court finds that Plaintiffs' discovery requests were extremely broad. The original requests were not limited by time, sender, or recipient. Even as later revised by Plaintiffs, the requests would require a search of all e-mails of all of employees in the Atlanta North and Atlanta South branches for a six-year period. Moreover, it is unclear how Defendant would determine whether e-mails were "relating to or evidencing the presence of pornography" or were "of a sexual or gender derogatory nature" without examining the content of each and every e-mail and without making judgments about what constitutes pornography. Finally, although the e-mails would corroborate Plaintiffs' testimony regarding the prevalence of pornography in the workplace, they would provide little, if any, relevant information that Plaintiffs themselves have not already provided.

For these reasons, the Court finds that the burden or expense of the proposed discovery as a whole outweighs its likely benefit. Nonetheless, retrieval of two narrow categories of e-mails appears unlikely to cause undue burden on Defendant: (1) *undeleted* e-mails (if any), sent prior to 2007, by a *current* employee who has been specifically named by Plaintiffs as having had sexually explicit material on his

4

computer; and (2) any e-mails with sexual content sent or received by any of Plaintiffs' former co-workers of which Defendant is currently aware and has retained.  Defendant will be required to produce e-mails in these two categories, but will not be required to search its back-up tapes.

Plaintiffs also  request sanctions for spoliation of evidence.  Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)(citing Black's Law Dictionary 1401 (6th ed. 1990)); accord Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).  In determining whether a spoliation sanction is warranted, the Court must consider the following factors: (1) whether Plaintiffs were prejudiced as a result of the destruction of evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether Defendant acted in good or bad faith; and (5) the potential for abuse if expert testimony about the evidence provided by the spoliator were not excluded.[2]  Flury v. Daimler Chrysler Corp., 427 F.3d 939, 945 (11th Cir. 2005).  "With regard to the fourth factor, [the] law does not require a showing of malice in order to find bad faith.  The court should weigh the degree of the

---

[2]Expert testimony from Defendant is not at issue in this case.

5

spoliator's culpability against the prejudice to the opposing party." <u>Flury</u>, 427 F.3d at 946 (citations omitted).

In this case, Defendant deleted its employee's e-mails in accordance with its normal retention and destruction schedule even after an EEOC complaint alleging company-wide sexual harassment had been filed in June of 2001.  However, the plaintiffs in that case did not request company-wide preservation of e-mails, nor did they provide Defendant with the names of individuals in Atlanta whose e-mails should be preserved.  It does not appear that Defendant acted in bad faith in following its established policy for retention and destruction of e-mails.

Plaintiffs' lawsuit is primarily based on offensive comments and images on coworkers' computer screens, as opposed to e-mails the Plaintiffs themselves received. If this case proceeds to trial, Plaintiffs will be able to describe what they heard and saw.  In addition, Plaintiffs have the computer generated reports of attempts made by Defendant's employees to access adult websites during the relevant time period, which partially corroborates their testimony about offensive images on computer screens.

After considering the relevant factors, the Court finds that sanctions for spoliation of evidence would not be appropriate in this case.  The degree of

Defendant's culpability is low, and the resulting prejudice to Plaintiff is relatively minor given other available evidence.

In sum, Plaintiffs' Renewed Motion to Compel [Doc. 39] is **GRANTED in part and DENIED in part**.  Defendant is **ORDERED** to produce *undeleted* e-mails (if any), sent prior to 2007, of any *current* employee whom any Plaintiff in this action has specifically named as having had sexually explicit material on his computer. Defendant must also produce any e-mails with sexual content sent or received by any of Plaintiffs' former co-workers of which Defendant is *currently* aware and has retained.  In all other respects, Plaintiffs' motion is denied.

**IT IS SO ORDERED** this 25th day of February, 2007.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

T:\VII\PetcouMCompelrenewed.wpd

AO 72A
(Rev.8/82)